IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN ANGEL NAVARRO,<br>#50297-177,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:23-cv-00035-M (BT) |
| | § | |
| WARDEN RIVERS OF FCI<br>SEAGOVILLE,<br>        Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Juan Angel Navarro, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons (BOP) improperly computed his federal sentence and failed to give him credit for approximately five months he spent in state custody on a "Federal Hold." Am. Pet. 5 (ECF No. 5). However, the BOP has since credited Navarro for the time he spent in custody pursuant to the federal hold. Therefore, the Court should dismiss his petition as moot.

I.

Dallas Task Force Officers arrested Navarro on federal drug charges on October 20, 2015. App. 4 (ECF No. 9). Navarro posted bond on October 28, 2015, and he was released from custody. *Id.* On April 18, 2018, United States Marshals again took Navarro into federal custody. *Id.* Then, on April 10, 2019, the District Court sentenced him to 156 months' imprisonment.

*Id.*; *see United States v. Juan Angel Navarro*, Case No. 3:15-CR-00432-M-31 (N.D. Tex.). Navarro's judgment was silent about any other sentences. App. 4 (ECF No. 9); *see also Juan Angel Navarro*, Case No. 3:15-CR-00432-M-31 (ECF No. 1322).

On June 12, 2019, the BOP prepared a sentence computation for Navarro, and it reflected that his federal sentence commenced on April 10, 2019, the date it was imposed. App. 5 (ECF No. 9). The BOP's sentence computation gave Navarro credit for prior custody from October 20, 2015 through October 28, 2015, and April 18, 2018 through April 9, 2019. *Id.* The BOP calculated Navarro's projected release date to be May 7, 2028, via First Step Act (FSA) Release. *Id.*

Navarro submitted his petition in this case on January 13, 2023. In it, he contends that he is entitled to approximately five additional months of credit on his federal sentence for time served in state custody. *See generally* Pet. (ECF No. 3). On January 31, 2023, Navarro also provided the BOP with documentation from another arrest and evidence that he was in state custody from November 8, 2017 through April 17, 2018. *Id.* (referring to Pet. 3 (ECF No. 3)). The BOP did not have this documentation when it prepared Navarro's initial federal sentence computation, and he did not receive credit toward his federal sentence for this prior time in state custody. *Id.* However, the BOP subsequently reviewed Navarro's evidence and applied the prior

time spent in state custody to his federal sentence. Navarro's new projected
release date is November 28, 2027. App. 5 (ECF No. 9).

## II.

A case becomes moot "if an event occurs during the pendency of the
action that makes it impossible for the court to grant 'any effectual relief
whatever' to a prevailing party." *Church of Scientology v. United States*, 506
U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U. S. 651, 653 (1895)); *United
States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). A prisoner can
challenge the execution of his sentence by filing a petition for writ of habeas
corpus under § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)
(per curiam). But when a prisoner is not challenging the fact or duration of
his confinement, there is no subject matter jurisdiction. *Henrikson v. Guzik*,
249 F.3d 395, 397 n.4 (5th Cir. 2001).

Here, the only relief Navarro seeks by his petition is credit for the time
he spent in state custody from November 8, 2017 through April 17, 2018.
Pet. 1-2 (ECF No. 3); Am. Pet. 2, 5, 7, 10-11, 15 (ECF No. 5). And—after the
BOP received Navarro's documentation—the BOP awarded him the time
credit he was seeking. Specifically, Navarro received credit from the BOP for
the time he spent in state custody from November 8, 2017 through April 17,
2018. App. 5 (ECF No. 9). Because Navarro received all of the relief that he
sought—approximately five months of federal credit for time spent in state
custody—his petition is moot and should be dismissed. *See Salgado v. Fed.*

*Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (recognizing "an action is moot when the court cannot grant the relief requested by the moving party") (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

III.

The Court should dismiss Navarro's petition as moot.

Signed December 18, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).